## THOMAS v. UNITED STATES.
### No. 42977.

Court of Claims.
May 3, 1937.

Hewitt Griggs Robertson, of Washington, D. C., for plaintiff.

J. H. Sheppard, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

944

GREEN, Judge.

This is a suit to recover an alleged overpayment of income taxes for the calendar year 1929. The material facts upon which the suit is based are as follows:

Plaintiff filed his income tax return for the calendar year 1929 and in accordance therewith paid taxes amounting to $3,017.93, the last payment being made on February 18, 1931. After notice of a deficiency given in October, 1931, the Commissioner of Internal Revenue in 1932 assessed against the plaintiff an additional amount of $1,028.75 taxes and interest. This additional assessment was based on the reduction of deductible interest in the sum of $254.03 and disallowance of a deduction of $5,000 for depreciation on an oil royalty acquired in 1919. The plaintiff paid an additional amount of $25, May 22, 1933, and shortly after filed a claim for refund of $1,218.79 claimed to be overpaid for 1919 and denying the validity of the ground on which the Commissioner based his additional assessment. This claim for refund being denied by the Commissioner, the plaintiff now brings suit and the defendant counterclaims for the outstanding balance of $1,003.75 in taxes and interest. On the issue so raised it is necessary to determine whether plaintiff's tax was properly computed.

There is no satisfactory proof that the disallowance by the Commissioner of $254.03 was incorrect. The only remaining question in the case is whether the Commissioner erred in refusing to allow plaintiff anything on account of a loss sustained in the taxable year arising out of a guaranty which he had made in connection with the sale of an oil royalty. It is contended on behalf of defendant that the evidence fails to show that plaintiff was under any obligations to make the payment which he alleges to be a loss, or the amount thereof.

The testimony given by plaintiff is somewhat confused on details, but there is nothing that indicates any intention on his part to conceal or misstate any material fact, or to claim anything more than that to which he considered himself justly entitled. The condition of the evidence seems to be due principally to the fact that the plaintiff kept no books and made no records of his business transactions. It definitely appears that in 1919 the plaintiff sold an oil royalty to one Dr. Tureman for $5,362.50. In making the sale, as a part of the transaction, plaintiff agreed to guarantee Dr. Tureman against any loss resulting therefrom, and in connection with the agreement Tureman made a promissory note to a bank for the amount of the sale and plaintiff signed the note as an accommodation indorser. The proceeds were turned over to the plaintiff. It was further agreed that the returns from the royalty were to be applied to the note until it was liquidated. This was done until the principal was reduced to $4,900 in 1920 or 1921 when the returns ceased. After the cessation of the returns the bank, of which Tureman was one of the directors, being unwilling to carry the note any longer, Tureman took up the note and a new note was made to take the place of the former note for the amount unpaid which was signed by Mrs. Tureman and indorsed by the plaintiff. In the meantime and afterwards Tureman demanded of plaintiff that he make good on his guaranty and after his death his widow renewed the demand. About May 18, 1929, plaintiff paid the widow $8,371.62, being, as plaintiff testified without objection, the amount of the second note with interest, and received from her an acknowledgment of settlement of all claims but the note was not surrendered to him. He now claims that the amount paid should be allowed as a loss in the year when payment was made.

In the argument on behalf of defendant, it is stated that the contract which plaintiff made is subject to the statute of frauds and was not binding, also that it is subject to the statute of limitations, and further that the first note had been taken up by Dr. Tureman and that the principal on the second note had paid nothing and the plaintiff was not liable thereon. But this argument is based on what we consider to be an erroneous conception of plaintiff's liability.

Plaintiff's contract was to indemnify Tureman against any loss on the sale of the royalty. There was an original and independent consideration for this agreement which the law did not require to be in writing and which was not subject to the statute of frauds. When Tureman took up the original note in 1921 or 1922, plaintiff's liability to him was still contingent and it did not become absolute until the royalty became worthless which was in 1924. But although the liability existed and was kept alive by the trans-

actions between the parties and evidenced by the new note which showed the extent of the liability the plaintiff sustained no loss until he paid the amount of the last note. It is contended on behalf of the defendant that as plaintiff was not called upon to make payment of the note and did not in fact pay the amount thereof to the bank he cannot be allowed a deduction. But this, as we have shown above, is a mistake as to plaintiff's original contract which was to indemnify Tureman against loss. The notes were merely collateral to the contract. Tureman's loss had been established and fixed by reason of the royalty becoming worthless and under plaintiff's agreement he was liable for this loss with interest. When plaintiff paid the amount of the loss as shown by the second note, being on a cash basis, he established for himself a loss which was deductible in computing his income tax but nothing was allowed by the Bureau officials. The fact that the widow gave plaintiff the release of all claims does not show that other matters were considered except the amount of the note and interest, but simply that all claims arising out of plaintiff's guaranty had been satisfied. After the additional assessment had been made, plaintiff paid $25 more upon his taxes although when a recomputation is made in accordance with this opinion it will be found that his taxes were already overpaid. The defendant can recover nothing on its counterclaim and plaintiff can recover only $25 with interest, the recovery of any further overpayment being barred by the statute of limitations. Judgment will be rendered accordingly.